Peter M. STANLEY, Plaintiff,

v.

James T. KELLY and Shamrock Partners, Ltd., a Pennsylvania Corporation, Defendants.

No. 90–8514–CIV.

United States District Court, S.D. Florida.

March 20, 1991.

Harley W. Shaver and Bruce W. Dewald of Shaver & Licht, Denver, Colo., and Nathan E. Nason of Nason, Gildan, Yeager, Gerson & White, West Palm Beach, Fla., for defendants.

Brian J. Cooke of Koeppel, Cooke & Gottleib, Palm Beach, Fla., for plaintiff.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the Court upon the defendants' Motion To Amend Notice of Removal. The defendants also have filed an Amended Notice of Removal.

## PROCEDURAL HISTORY

On November 8, 1990, the plaintiff filed his complaint in the Circuit Court of the 15th Judicial Circuit, in and for Palm Beach County, Florida. It is unclear from the record when the plaintiff first served the defendants. On November 30, 1990, however, the defendants filed a Notice of Removal in this Court, seeking to remove the cause from the state court to this federal forum. The purported basis of jurisdiction was the diverse citizenship of the parties. 28 U.S.C. § 1332.

On December 14, 1990, this Court, *sua sponte*, remanded the case to the state court for lack of subject matter jurisdiction. The Court found that it lacked subject matter jurisdiction because the defendants had not alleged the citizenship of the parties, thus rendering the Court unable to determine whether diversity of citizenship existed among the parties.

## MOTION TO AMEND

Subsequent to the Court's order of remand the defendants filed a Motion To Amend Notice Of Removal and an Amended Notice of Removal. The defendants argue that pursuant to 28 U.S.C. § 1653 the Court should permit them to amend their Notice of Removal to cure their defective jurisdictional allegations. Section 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms in the trial or appellate court." 28 U.S.C. § 1653.

## DISCUSSION

The defendants' contention that 28 U.S.C. § 1653 permits a removing party to amend its Notice of Removal to cure defective jurisdictional allegations is only partly correct. In certain situations, prior to remand, a removing party may cure faulty allegations in an amended Notice of Removal pursuant to 28 U.S.C. § 1653. *D.J. McDuffie, Inc. v. Old Reliable Fire Insurance Co.*, 608 F.2d 145 (5th Cir.1979), *cert. denied*, 449 U.S. 830, 101 S.Ct. 97, 66

**1488**

L.Ed.2d 35 (1980); *Rossi, Turecamo & Co. v. Best Resume Service, Inc.*, 497 F.Supp. 437 (S.D.Fla.1980) (Gonzalez, J.). However, the question raised by this motion, in light of the procedural posture of the case, is whether the Court may permit amendment *after it has remanded the case to the state court.* It seems fairly clear that it may not.

This Court remanded the case to state court for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c). Remand orders based on section 1447(c) are unreviewable on "appeal or otherwise." 28 U.S.C. § 1447(d). Federal courts universally have construed this language to preclude not only appellate review of a remand order but also reconsideration by the district court. *Seedman v. United States District Court for the Central District of California*, 837 F.2d 413, 414 (9th Cir.1988); *FDIC v. Santiago Plaza*, 598 F.2d 634, 636 (1st Cir.1979); *Three J Farms, Inc. v. Alton Box Board Co.*, 609 F.2d 112, 115 (4th Cir.1979), *cert. denied*, 445 U.S. 911, 100 S.Ct. 1090, 63 L.Ed.2d 327 (1980); C. Wright, A. Miller, & E. Cooper, 14A *Federal Practice & Procedure* § 3739, at 588–89 (1990).

█ Once the district court remands a case to the state court, the district court is wholly deprived of jurisdiction to vacate or correct its remand order. *Seedman*, 837 F.2d at 414. The remand order returns the case to the state court and the federal court has no power to retrieve it. *Id.* This is true even if the district court improperly remanded the case. *In re La Providencia Development Corporation*, 406 F.2d 251, 253 (1st Cir.1969).

On December 14, 1990, this Court remanded the case to the state court.

Accordingly, the Court has no jurisdiction to permit the defendants to amend their Notice of Removal. Their motion must therefore be denied.

Accordingly, having reviewed the motion and the record, and being otherwise duly advised, it is hereby:

ORDERED and ADJUDGED that the defendants' Motion To Amend Notice Of Removal is DENIED. Defendants Amended Notice of Removal is STRICKEN.

DONE AND ORDERED.