MAGGIO ENTERPRISES, INC., a Colorado Corporation, f/k/a Boulder Potato Company, Plaintiff,

v.

HARTFORD CASUALTY INSURANCE COMPANY, a Connecticut Corporation, Defendant.

No. 01–D–0111.

United States District Court, D. Colorado.

Feb. 8, 2001.

Bret W. Glass, Boulder, CO, Frank Maggio, Maggio & Fox Professional Corp., Rockford, IL, for plaintiff.

J. Scott Lasater, Lasater and Allen, P.C., Littleton, CO, for defendant.

## MEMORANDUM OPINION AND ORDER

DANIEL, District Judge.

THIS MATTER is before the Court on Defendant's Amended Notice of Removal filed January 30, 2001. On January 19, 2001, Defendant filed a Notice of Removal. On January 24, 2001, I remanded the case to the District Court, County of Boulder, pursuant to 28 U.S.C. § 1447(c), because the Notice was insufficient to confer jurisdiction on this Court. The Amended Notice seeks to cure the jurisdictional deficiency noted by the Court. The question presented by the Amended Notice of Removal is whether the Court may permit a removal notice to be amended after the case has been remanded to state court.

It is clear that prior to remand a removing party may cure faulty allegations in a notice of removal by filing an amended notice of removal pursuant to 28 U.S.C. § 1653. Section 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. Following remand, however, "the district court is wholly deprived of jurisdiction to vacate or correct its remand order. The remand order returns the case to the state court and the federal court has no power to retrieve it." *Seedman v. United States District Court for the Central District of California*, 837 F.2d 413, 414 (9th Cir. 1988) (*cited in Stanley v. Kelly*, 758 F.Supp. 1487 (S.D.Fla.1991)). This is true "even if the district court's jurisdictional

determination appears erroneous, so long as that determination was made in good faith." *Dalrymple v. Grand River Dam Authority,* 145 F.3d 1180, 1184 (10th Cir. 1998) (citing *Archuleta v. Lacuesta,* 131 F.3d 1359, 1362 (10th Cir.1997), and *Flores v. Long,* 110 F.3d 730, 733 (10th Cir.1997)).

 Because a remand order deprives the district court of jurisdiction, the district court may not vacate or reconsider its order of remand. *See e.g., Dalrymple,* 145 F.3d at 1184 (citation omitted); *Whiddon Farms, Inc. v. Delta and Pine Land Co.,* 103 F.Supp.2d 1310, 1311 (S.D.Ala.2000). This conclusion is based upon the plain language of § 1447(d), which states that a district court "order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d).

In addition, as a district court is wholly deprived of jurisdiction following remand, it logically follows that a district court has no jurisdiction to entertain a motion to amend the notice of removal, or allow amendment to the notice of removal following remand. *See e.g., Stanley,* 758 F.Supp. at 1488. "Removal in diversity cases, to the prejudice of state court jurisdiction, is a privilege to be strictly construed and the state court proceedings are to be interfered with once, at most. This is not only in the interest of judicial economy, but out of respect for the state court and in recognition of principles of comity. The action must not ricochet back and forth depending upon the most recent determination of a federal court." *In re La Providencia Development Corporation,* 406 F.2d 251, 253 (1st Cir.1969) (*citing Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)).

The Amended Notice of Removal before the Court attempts to accomplish removal after the Court previously remanded the case to state court. I find that while 28 U.S.C. § 1653 permits amendment of defective allegations of jurisdiction prior to

removal, this Court is without jurisdiction over the case after it is remanded to state court. Thus, the Amended Notice of Removal is a legal nullity and must be stricken. Accordingly, it is

ORDERED that Defendant's Amended Notice of Removal filed January 30, 2001 is STRICKEN.