**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 19, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MICHAEL PAUL EAGAR,

     Plaintiff - Appellant,

v.

DENNIS DRAKE; JAMES EARDLEY;
ALAN GARDNER; JAMES CRISP,

     Defendants - Appellees.

No. 20-4057
(D.C. No. 4:19-CV-00061-DN)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **KELLY**, and **EID**, Circuit Judges.[**]
_____

Michael Paul Eagar, appearing pro se, appeals the district court's dismissal of

his takings and trespass claims against three former county-government officials and

a former federal employee. Exercising jurisdiction under 28 U.S.C. § 1291, we

affirm the judgment of the district court insofar as it dismisses the action, but, at the

urging of appellee James Crisp, we remand to the district court to modify the

dismissal of the takings and trespass claims against Crisp to be without prejudice.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

# I

This is the second case that Eagar has filed against the defendants-appellees, three former members of the Board of County Commissioners of Washington County, Utah (appellees Dennis Drake, James Eardley, and Alan Gardner, hereinafter referred to as the "Commissioners") and Crisp, a retired U.S. Bureau of Land Management ("BLM") employee. The first case was initiated in April 2018 in the U.S. District Court for the District of Utah, Central Division. Eagar asserted regulatory-taking and trespass claims against the Commissioners and Crisp, alleging that the value of his family's mining claims was diminished by creation of the Red Cliffs Desert Reserve in 1996 and the Red Cliffs National Conservation Area in 2009.[1]

The district court dismissed Eagar's first suit on two grounds. First, it determined that Eagar's claims against the Commissioners were time barred under the operative statute of limitations. ROA at 98, 113. Second, it concluded that it lacked jurisdiction over Eagar's claims against Crisp because under 28 U.S.C. §§ 1346(a)(2) and 1491(a)(1), such claims, when they exceed $10,000, can be

---

[1] Crisp moves for us to take judicial notice of certain documents from Eagar's first case. Most of those documents, however, need not be considered to resolve this appeal, and the documents that we have relied on are already "included in the record on appeal, so judicial notice is not necessary." *Matias-Martinez v. Williams*, No. 20-1249, 2020 WL 5569328, at *1 n.1 (10th Cir. Sept. 17, 2020) (unpublished disposition cited for persuasive value pursuant to 10th Cir. R. 32.1); *see* ROA at 96–107, 140–51 (magistrate judge's report and recommendation); *id.* at 109–115, 153–59 (district court's memorandum decision and order). Accordingly, Crisp's motion is denied as moot.

brought only in the Court of Federal Claims. *Id.* at 112. Eagar did not appeal the dismissal of his first suit.

On June 28, 2019, Eagar initiated the present suit. As he did in his first case, Eagar alleged that the Commissioners and Crisp committed trespass and effected a taking in violation of the Fifth Amendment by diminishing the value of his mining claims through creation of the Red Cliffs Desert Reserve and the Red Cliffs National Conservation Area. Yet unlike before, this time Eagar brought his claims in state court—specifically, the St. George, Utah Fifth District Court. Notwithstanding Eagar's attempt to select a new forum, Crisp removed the case to the U.S. District Court for the District of Utah, Central Division pursuant to 28 U.S.C. § 1442, which provides for removal of any "civil action . . . that is commenced in a State court and that is against or directed to . . . any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." *Id.* § 1442(a)(1). The case was assigned to U.S. District Judge David Nuffer, who had presided over Eagar's first case.

The district court again dismissed Eagar's suit, this time on four grounds. First, it determined that claim preclusion barred Eagar's claims against the Commissioners. ROA at 278. Second, it concluded that issue preclusion prevented relitigation of the determination that Eagar's takings and trespass claims against

3

Crisp had to be brought in the Court of Federal Claims. *Id.* 282.[2] Third, it decided,

in the alternative, that Eagar's takings and trespass claims against Crisp were barred

by the statute of limitations prescribed by 28 U.S.C. § 2501. *Id.* at 284. Fourth, it

opined that, unlike before, Eagar had possibly brought a claim against Crisp under

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388

(1971).[3] But it reasoned that a takings claim is not cognizable under *Bivens*, that any

*Bivens* claim would be untimely under the applicable statute of limitations, and that

Crisp was entitled to qualified immunity in any event. ROA at 287–89.

Eagar now appeals from the dismissal of his suit.

## II

We review de novo a district court's order granting dismissal under Rule

12(b)(6), "accept[ing] the facts alleged in the complaint as true and view[ing] them in

the light most favorable to the plaintiff." *Mayfield v. Bethards*, 826 F.3d 1252, 1255

---

[2] In its analysis, the district court treated Eagar's takings and trespass claims against Crisp as a single takings claim. *Compare* ROA at 277 (explaining that Eagar "once again alleg[es] takings and trespass causes of action" "against County Defendants and James Crisp"), *with id.* at 281 ("The focus of [Eagar's] *pro se* complaint[] is the claim that Defendants violated Plaintiff's rights under the Fifth Amendment of the United States Constitution by allegedly taking Plaintiff's unpatented mining claims without providing any compensation to Plaintiff."), *and id.* at 294 ("The takings claim against Defendant Crisp is dismissed with prejudice. The clerk is directed to close this case."). Eagar does not maintain that the district court erred by combining these claims together and has therefore waived any challenge on such grounds. *See Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012) ("Arguments not clearly made in a party's opening brief are deemed waived.").

[3] In *Bivens*, the Supreme Court "approved a judicially-implied cause of action allowing individuals to seek damages for unconstitutional conduct by federal officials." *Big Cats of Serenity Springs, Inc. v. Rhodes*, 843 F.3d 853, 859 (10th Cir. 2016).

4

(10th Cir. 2016). To withstand dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Our review of a district court's order granting dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction is also de novo when, as here, the district court dismisses the matter without taking evidence. *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 877 (10th Cir. 2017). In the absence of evidence-taking, the allegations in the complaint must be accepted as true. *Id.* at 878. Because "[f]ederal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute," subject matter jurisdiction "must be established in every cause under review in the federal courts." *Id.* (internal quotation marks omitted) (quoting *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015)). "The 'burden of establishing' a federal court's subject matter jurisdiction 'rests upon the party asserting jurisdiction.'" *Id.* (quoting *Pueblo of Jemez*, 790 F.3d at 1151).

## III

### A

As an initial matter, the Commissioners and Crisp argue that Eagar has waived any challenge to the grounds upon which the district court ruled. *See* Comm'rs Br. at 7; Crisp Br. at 11. We agree.

5

An appellant's opening brief must contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A). Thus, we have consistently held that "[a]rguments not clearly made in a party's opening brief are deemed waived." *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012). This rule "applies equally to pro se litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) (internal quotation marks omitted) (quoting *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001)). While we liberally construe a pro se litigant's filings, *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009), we "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record," *Garrett*, 425 F.3d at 840.

Below, the district court ruled primarily on the basis of preclusion, determining that claim preclusion barred Eagar's claims against the Commissioners and that issue preclusion barred all except Eagar's *Bivens* claim against Crisp. ROA at 278, 284, 287. Yet in his briefs before this court, Eagar does not mention the subject of preclusion. Rather, he restates the allegations contained in his district court filings and argues that he should prevail on the merits of his claims. In so doing, Eagar has failed to explain why the district court's legal conclusions were erroneous. Any challenge to the district court's preclusion rulings is waived.

6

Eagar likewise identifies no purported errors in the district court's *Bivens* analysis.[4]  On this score, the district court dismissed Eagar's claim for three independent reasons: a takings claim is not cognizable under *Bivens*, any *Bivens* claim is barred under the applicable statute of limitations, and Crisp is entitled to qualified immunity.  *Id.* at 287–89.  Eagar does not contest any of these determinations.  Instead, he merely states that a "violation of [his] Fifth Amendment Constitutional Rights" occurred.  Aplt. Br. at 4; *see also id.* at 2 (identifying "Violation of the Plaintiffs [sic] Constitutional 5th Amendment Rights" as an issue on appeal).  Far more is required, even of a pro se litigant, to disturb the judgment below.  Because Eagar does not identify any specific legal errors in the district court's *Bivens* analysis, he has also waived any challenge to that ruling.

## B

Although Eagar fails to meaningfully contest the reasoning employed by the district court, he offers two alternative grounds, not addressed by the district court, for reversing the judgment below: improper removal from state court and judicial bias.[5]  Each is considered in turn.

---

[4] The district court opined that "it seems a stretch too far to construe the allegations of Mr. Eagar's Complaint as alleging any claim against Defendant Crisp as arising under Bivens," ROA at 287, but nevertheless proceeded to analyze the merits of such a claim, *see id.* at 287–94.  Like the district court, we do not decide whether Eagar in fact raised a *Bivens* claim against Crisp.

[5] Eagar raised these challenges in several filings below, but he did so only briefly each time, and he never moved for a remand or for Judge Nuffer to recuse himself.  *See* ROA at 184–86, 188, 208, 213, 229–32, 247, 272, 274.  In these circumstances, Eagar may have waived his challenges.  *See United States v. Ray*, 899 F.3d 852, 862 n.4 (10th Cir. 2018) ("[A]rguments made in a cursory manner . . . are

First, Eagar maintains that his present suit was improperly removed from state court because "the proper jurisdiction should . . . be the 5th district court in St. George, Utah." Aplt. Br. at 3. This argument has some force. Here, the district court determined it lacked subject matter jurisdiction over Eagar's takings and trespass claims against Crisp. *See* ROA at 282–84. And generally, a removed case must be remanded when the district court lacks subject matter jurisdiction. That is undoubtedly true with respect to the type of removal at issue here—removal pursuant to 28 U.S.C. § 1442(a)(1). As we have explained, "[a]n inquiry into the propriety of removal under § 1442(a)(1) encompasses a subject matter jurisdiction determination since removal under that section is predicated . . . on the averment of a defense grounded in federal law." *Dalrymple v. Grand River Dam Auth.*, 145 F.3d 1180, 1185 (10th Cir. 1998) (citing *Mesa v. California*, 489 U.S. 121, 136 (1989)). Moreover, a separate statutory provision, 28 U.S.C. § 1447, requires that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* § 1447(c).[6]

Our decision in *Fent v. Oklahoma Water Resources Board*, 235 F.3d 553 (10th Cir. 2000), however, makes clear that a remand is not necessary in these circumstances. In many respects, *Fent* is quite similar to the present case. Just like

waived."); *see also, e.g.*, *United States v. Nickl*, 427 F.3d 1286, 1297 (10th Cir. 2005) ("Normally, a party alleging judicial bias should *move* for recusal . . . ." (emphasis added)). The Commissioners and Crisp, however, "do[] not argue [Eagar] waived his present challenge, and, accordingly, ha[ve] waived the waiver." *United States v. Heckenliable*, 446 F.3d 1048, 1049 n.3 (10th Cir. 2006).

[6] 28 U.S.C. § 1447 applies "[i]n any case removed from a State court," *id.* § 1447(a), including cases removed pursuant to § 1442, *see id.* § 1447(d).

8

this case, *Fent* involved a suit brought against both a federal defendant (the federal government itself) and a number of nonfederal defendants. *Id.* at 554. And just like the federal defendant here, the federal defendant in *Fent* removed pursuant to § 1442(a)(1) and put forward a defense based on lack of jurisdiction—specifically, that the court lacked jurisdiction because federal sovereign immunity had not been waived. *Id.* at 555, 558. Even though we agreed that the district court lacked jurisdiction over the claim against the federal defendant, *see id.* at 557, we determined § 1442(a)(1)'s jurisdictional requirement was satisfied, *id.* at 555. For purposes of § 1442(a)(1), it was enough that the defense claimed was a federal one, *see id.*, and thus the federal defendant "properly removed th[e] action on the basis of a valid assertion of [federal] sovereign immunity," *id.* at 557. So too here, Crisp properly removed this action on the basis of a federal statutory defense.

To be sure, in *Fent* we also acknowledged that § 1447(c) can require remand for lack of jurisdiction. *Id.* But remand under § 1447(c) was necessary only if the district court lacked jurisdiction over the *other* defendants in the suit. *See id.* at 558 ("[T]he controlling question under § 1447(c) is whether the district court had subject matter jurisdiction over the *case* . . . ." (emphasis added)). Because the other defendants were states who asserted their Eleventh Amendment immunity, remand indeed proved necessary in *Fent*. *Id.* at 559. Here, by contrast, the district court *did* have jurisdiction over the rest of the suit, for Eagar's Fifth Amendment takings claim against the Commissioners raised a federal question. *See Knick v. Twp. of Scott*, 139 S. Ct. 2162, 2167 (2019). The district court was therefore correct to dismiss the

9

trespass and takings claims against Crisp for lack of jurisdiction rather than remand the entire case to the state court.

Turning to Eagar's second argument, Eagar contends that "Judge Nuffer clearly demonstrated prejudice against [Eagar]," Reply Br. at 1, by "represent[ing] the [Commissioners and Crisp] in violation of his Oath of Office to the Constitution," Aplt. Br. at 4. "A judge must recuse himself 'if sufficient factual grounds exist to cause a reasonable, objective person, knowing all the relevant facts, to question the judge's impartiality.'" *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (quoting *United States v. Pearson*, 203 F.3d 1243, 1277 (10th Cir. 2000)). Here, Eagar provides no reason to suspect that Judge Nuffer was anything but a disinterested, evenhanded adjudicator. All he musters in support of his claim are rulings that didn't go his way. *See* ROA at 296 ("Judge Nuffer should have remanded the case to a court of proper jurisdiction, but instead, in fact, acted as 'legal counsel' for the [Commissioners and Crisp], after which he dismissed the case with prejudice. . . . Judge David Nuffer then remanded this case back to his United States Court and illegally denied a hearing, but continued to represent the Defendants in violation of his Oath of Office to the Constitution."). "[A]dverse rulings cannot in themselves form the appropriate grounds for disqualification." *United States v. Wells*, 873 F.3d 1241, 1252 (10th Cir. 2017) (internal quotation marks omitted) (quoting *Nickl*, 427 F.3d at 1298). Accordingly, Eagar's judicial bias challenge fails.

10

## C

A final issue must be addressed. Crisp points out that the dismissal of the takings and trespass claims against him was with prejudice, even though it was based on lack of jurisdiction. Crisp Br. at 7 n.2, 25; *see* ROA at 294. "Dismissals for lack of jurisdiction [are] without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006).[7] It is therefore "our duty to correct a district court disposition erroneously entered 'with prejudice' on jurisdictional grounds." *Id.* We fulfill that duty here by remanding to the district court to modify its dismissal accordingly.

## IV

For the foregoing reasons, we AFFIRM the district court's judgment insofar as it dismisses the action, but REMAND to the district court to modify the dismissal of the takings and trespass claims against Crisp to be without prejudice.

Entered for the Court

Allison H. Eid
Circuit Judge

---

[7] Notably, "even a dismissal without prejudice [on jurisdictional grounds] will have a preclusive effect on the [relevant] issue in a future action." *Brereton*, 434 F.3d at 1218–19. This case is illustrative. Even though the dismissal of Eagar's first action against Crisp was without prejudice, the district court held that issue preclusion barred Eagar from relitigating the jurisdictional question in this suit. ROA at 282; *see Brereton*, 434 F.3d at 1219 (explaining that "[t]he preclusive effect" of a dismissal without prejudice on jurisdictional grounds "is one of *issue preclusion* (collateral estoppel) rather than *claim preclusion* (res judicata)").

11